UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

         -v-

WILLIAM BROOKS                                       17-CR-171W(Sr)
and
CASSANDRA HODGE,

         **Defendants.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Elizabeth A. Wolford, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. #4.

## PRELIMINARY STATEMENT

The defendants, William Brooks and Cassandra Hodge, are charged in an eleven count indictment with conspiracy to distribute, possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C). Dkt. #1.

William Brooks has filed an omnibus discovery motion seeking: (1) grand jury testimony; (2) identity, nickname, photos and interview notes of informants; (3) location of each item of evidence and weight of all drugs found; (4) discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure; (5) disclosure pursuant to F.R.E. 404(b), 609, and 803(24); (6) a bill of particulars; (7) preclusion of statements made by non-testifying co-

conspirators; (8) production of *Brady, Giglio* and *Jencks* materials; (9) disclosure of witness statements; (10) preservation of all agent notes in the custody or control of the government; (11) joinder in the motions of co-defendant Hodge; and (12) permission to file additional motions upon receipt of discovery.  Dkt. #23.

Cassandra Hodge has filed an omnibus discovery motion seeking: (1) a bill of particulars; (2) discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure; (3) disclosure pursuant to F.R.E. 403, 404(b) and 609 (4) disclosure pursuant to F.R.E. 702, 703 and 705; (5) disclosure of *Brady* material; (6) identity of informants; (7) production of *Giglio* material; (8) early disclosure of *Jencks* Act material; (9) suppression of statements; (10) suppression as a result of coercion;[1] (11) joinder in the motions of co-defendant Brooks; and (12) leave to file additional motions.  Dkt. #24.

The government has filed its response and has made a motion seeking reciprocal discovery pursuant to Rule 16(b)(1) of the Fed. R. Crim. P.  Dkt. #26.

## DISCUSSION AND ANALYSIS

**Joinder In Co-Defendant's Motions**

Defendants' request to join in the motions filed by the co-defendant is granted; the decision made by this Court as to each co-defendant's requests shall also be deemed to be the finding and Order of this Court as to the defendant herein.

---

[1] Although defendant Hodge requests suppression of statements and suppression as a result of coercion in her Notice of Motion, she does not identify any evidence to be suppressed and makes no argument in support of this relief in her motion papers.  Accordingly, this request for relief is deemed waived.

2

**Grand Jury Testimony**

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). As defendants have set forth no basis for this request, it is denied. It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. § 3500.

**Identity of Informants**

Defendants' request for disclosure of information pertaining to the government's informants is denied on the ground that defendants have failed to make any evidentiary showing that such disclosure is "material to the defense." *United States v. Saa*, 859 F.2d 1067,1073 (2d Cir. 1988); *See United States v. Jiminez*, 789 F.2d 167, 170 (2d Cir. 1986) ("defendant has the heavy burden of showing that disclosure is essential to the defense.") (internal quotation omitted).

**Rule 16 Discovery**

In reliance upon the government's representation that it has provided all discoverable material presently within its possession within the purview of Rule 16 and is in compliance with Rule 12(b)(4) and will comply with the defendant's request, pursuant to Rule 16(a)(1)(G), for a written summary of testimony that the government intends to use under Rules 702, 703 and 705 F.R.E., defendants' request for Rule 16 discovery is denied as moot.

The request for disclosure of hearsay statements subject to former Rule 803(24), now Rule 807, is also denied as moot in light of the fact that Rule 807 precludes admission of such statements absent sufficient advance notice to the opposing party.

**Bill of Particulars**

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d Cir. 2007). As the charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendants of the essential facts of the crimes charged, defendants' request for a bill of particulars, including defendants' request for information as to where each item of

4

evidence was found and the weight of each drug found (except to the extent that such information is contained in the government's Rule 16 disclosure, is denied.

### Preclusion of Statements made by Non-Testifying Co- Conspirators

Defendants' request to exclude any statements or admissions of co-conspirators is denied on the basis that such determination is best left to the trial judge during the course of the trial. *See United States v. Mastropieri*, 685 F.2d 776, 787-88 (2d Cir. 1982) ("Responsibility for determining whether declarations of an alleged coconspirator should be admitted against another rests on the shoulders of the trial judge.").

### *Brady, Giglio* and *Jencks* Materials

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant. If the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### Preservation of Agents Notes

Defendants' request for the preservation of rough notes taken by all government agents and officers who participated in the investigation of the defendants is granted in that the government is hereby directed to maintain and preserve all materials that are known by the government to exist that constitute potential *Jencks* and Rule 16, Fed. R. Crim. P. material in this case.

### Disclosure and a Hearing Pursuant to F.R.E. 403, 404(b) and 609

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). As this has been done, defendants' request is denied as moot. The admissibility of evidence, pursuant to Rules 403 and 609, is best left to the determination of the trial judge at the time of trial.

### Production of Co-Conspirator Statements & F.R.E. 104 Hearing

As pre-trial notice is not required pursuant to F.R.E. 801(d)(2)(E), defendants request for production of co-conspirator statements which the government intends to introduce at trial and attribute to the defendant is denied. Defendants request a hearing pursuant to F.R.E.104 to determine whether the government can demonstrate the existence of a conspiracy, as opposed to a mere buyer-seller relationship, so as to permit the statements to be introduced under the co-conspirator hearsay exception, is denied without prejudice as such an evidentiary determination is best left to the trial judge.

### Leave to File Additional Motions

Defendants' request for leave to file additional motions is granted to the extent that any further motions are based on facts or information provided to the defendants subsequent to the filing of these motions.

### The Government's Motion for Reciprocal Discovery

Since the defendants have moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials, the government's request for reciprocal discovery pursuant to Rule 16(b)(1) and its request is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the**

**District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED: November 2, 2018
           Buffalo, New York

                                                *S/ H. Kenneth Schroeder, Jr.*
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**